## 13267.　CASON v. THE STATE.

BROYLES, C. J. 1. " Before a verdict received in the absence of the ac-
　　cused will be held to be invalid, it is incumbent upon the accused to
　　show that he was in custody of the law at the time the waiver was
　　made, that he made no waiver of his right to be present, and that he

did not authorize his counsel to make such waiver for him, and, if an unauthorized waiver has been made by counsel, that he has not ratified the same or allowed the court to act upon the waiver of counsel after he has notice that the same has been made." *Cawthon v. State,* 119 *Ga.* 395 (9) (46 S. E. 897).

2. In the instant case the record shows that pending the trial, and in the presence of the accused, counsel for the accused consented for the jury to return a sealed verdict and to disperse. The court then announced that no other case would be taken up that day, whereupon the sheriff removed the defendant and the other prisoners to the jail. Subsequently on the same day the jury sent word to the court that they had reached a verdict, and they were thereupon brought into the court-room. Upon inquiry by the court, counsel for the defendant announced that he waived the presence of the defendant and the call of the jury. The verdict was then received. All of these proceedings occurred on December 5, 1921. On December 24, 1921, the accused filed a motion to set aside and vacate the verdict, on the ground that it was a nullity, as it was received in his enforced absence. It is not alleged, however, in the motion, that the accused did not authorize his counsel to waive his right to be present at the reception of the verdict, or that (conceding that the waiver by counsel was not authorized by the accused) the accused had not ratified such waiver. It follows from these facts and the foregoing ruling that the court did not err in overruling the motion to set aside the verdict.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 11, 1922.

Accusation of misdemeanor; from city court of Dublin — Judge Sturgis. December 30, 1921.

*Charles S. Loden, W. A. Dampier,* for plaintiff in error.

*William Brunson, solicitor,* contra.